Hat, Judge,
delivered the opinion of the court:
The only question in this case is whether the plaintiff in making and filing its income-tax returns for the years 1918,. 1919, and 1920, failed to report the amount of gross sales which it made in each of those years.
The Commissioner of Internal Revenue in assessing additional taxes against the plaintiff asserted that the plaintiff' *562 had made sales for these years in excess of the amount reported by it, and assessed the additional taxes and unpaid penalties for an alleged filing of false and fraudulent returns ; and upon the failure of the plaintiff to pay these additional taxes and penalties, sold the property of the plaintiff at public auction, and paid into the Treasury of the United States the proceeds of said sale which amounted to the sum of $1,775.
The commissioner acted upon certain reports made to him by agents of the Government. These reports inferred that the president of the plaintiff corporation had deposited in her own name, and to her individual credit in a bank certain sums, which these reports alleged had been taken from the sales of the corporation.
But when the plaintiff brought this suit and produced evidence to show that it had made a full, complete, and honest return of its sales when it made its income-tax return for the years 1918, 1919, and 1920, the Government produced no evidence to sustain its claim that the plaintiff had filed false and fraudulent returns, or that the plaintiff had made additional sales which it failed to report. The Government did not call any witnesses, but seemed to rely upon the reports of the Treasury agents. The agents themselves were not called. Manifestly such reports are not evidence. The plaintiff proved its case, and must be awarded a judgment for the amount set out in the conclusion of law.
It is so ordered.
Gkaham, Judge; Dowhey, Judge; Booth, Judge; and Campbell, Chief Justice, concur.